## MARTHEY ET, Plaintiffs, v TURPIN ET, Defendants.

Common Pleas Court, Stark County.

No. 87113.   Decided August 11th, 1947.

William Morris, for plaintiffs.
Carl W. Dorn, Canton, for defendants.

### OPINION

By WEBER, J.

This matter has come on to be heard upon the motion of the plaintiffs requesting a temporary restraining order against the defendant, Vincent Turpin, from engaging in boxing exhibitions for persons other than the plaintiffs, and also on the motion of the defendants to dismiss the petition and said motion of the plaintiffs for the reason that the facts stated in the petition are not sufficient to constitute a cause of action.

The petition sets forth the written contract between the plaintiffs and the defendant, James R. Grier as parties of the first part and the defendant, Vincent Turpin, as party of the second part. The material parts of the contract, as far as the

court is concerned in passing upon said two motions, are set forth in the second and third paragraphs of said contract. Parties of the first part agree to act as co-managers and trainer of the second party "in all boxing exhibitions and **prize fights**" in which second party is to participate. Party of the second part agree to participate "in boxing exhibitions and **prize fights**" under said management and training. (Emphasis ours)

The statutes of Ohio permit boxing exhibitions to be held and to have aids or assistants therein, provided certain conditions are complied with. See §§12802 **and 12803 GC.** So the contract in question would be legal had it used the words "boxing exhibitions" only. However, the contract definitely uses the words "and prize fights" in both paragraphs heretofore referred to. As to prize fights, §12800 GC specifically states that whoever engages as a principal in a "prize fight" shall be imprisoned in the penitentiary. See **32 O. Jur. p. 344** for a discussion of the meaning of the words "prize fight." Therefore since the statute uses the words prize fight without defining same and since the contract in question uses the words prize fights without limiting or defining same, it is apparent that the contract with respect to prize fighting is illegal because of being against public policy.

The next question that arises is whether the contract can be separated or not, and that question has been definitely decided not only by the U. S. Supreme Court, but by the courts of Ohio in adopting the rule that each part of the consideration goes equally to the whole promise and therefore if any part of it is contrary to public policy, the whole promise fails. See **9 O. Jur. p. 388.** In addition to §12800 GC there are other statutes that make prize fighting illegal, to-wit, §13429-1 GC, etc., and the court wishes to point out that those sections even make the training and preparation for a prize fight illegal.

Therefore since the parties to this cause in unqualified, written terms in their contract obligated themselves to render their services in not only preparing for prize fights, but also in participating therein, the contract is illegal and void as being against public policy, as established by the statutes above referred to.

Accordingly the motion for temporary restraining order will be overruled, and the petition dismissed, for the reason that it does not state a cause of action, the court considering the motion of the defendant as being in effect a demurrer to the petition.